# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 99-0730 |
| v. | : | |
| | : | CIVIL ACTION |
| ANDREW LAWRENCE BROWN, | : | NO. 04-4121 |
| Defendant. | : | |

## Memorandum and Order

YOHN, J.                                                                                                         April ___, 2008

      Defendant Andrew Lawrence Brown filed a pro se motion for relief from this court's October 18, 2006 order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and declining to grant a certificate of appealability.  Brown filed the current motion pursuant to Federal Rule of Civil Procedure 60(b) or, alternatively, as an independent action in equity, arguing that he is entitled to relief for two reasons:  (1) the court acted improperly in denying him a certificate of appealability; and (2) his court-appointed habeas counsel was ineffective for failing to object to this court's denial of a certificate of appealability, for filing a notice of appeal, and for filing a motion for a certificate of appealability in the Third Circuit.  Brown does not contest the denial of his § 2255 motion.  Because Brown cannot show a miscarriage of justice or extraordinary circumstances justifying relief with respect to either claim, his motion will be denied.

1

I.      **Factual and Procedural Background**

The instant motion attacks only this court's denial of a certificate of appealability and habeas counsel's conduct after the denial of Brown's § 2255 motion. Therefore, only the following facts are relevant. On August 31, 2004, Brown filed a pro se motion pursuant to § 2255 to vacate, set aside, or correct the sentence imposed by this court on May 4, 2001. I granted Brown's request for an evidentiary hearing on one of his claims of ineffective assistance of trial counsel contained in the § 2255 motion; I denied the balance of the motion without an evidentiary hearing. *United States v. Brown*, No. 99-0730, 2005 WL 1532538, at *1 (E.D. Pa. June 28, 2005). I appointed counsel to represent Brown at the evidentiary hearing ("habeas counsel"). (Order, June 28, 2005.) The hearing was held on January 10, 2006, and I denied Brown's remaining § 2255 claim on October 18, 2006. *United States v. Brown*, No. 99-0730, 2006 WL 3000960, at *1 (E.D. Pa. Oct. 18, 2006). At the same time, I found no basis for issuing a certificate of appealability. *Id.* at *10.[1]

Brown, still represented by habeas counsel, filed a notice of appeal on October 25, 2006

---

[1] In evaluating whether a certificate of appealability should issue, I used the following analysis:

> A court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As stated above, Brown has not sufficiently shown that he suffered a denial of any constitutional right. Because he cannot demonstrate that reasonable jurists would find this court's assessment of his constitutional claims to be debatable or wrong, a certificate of appealability will not issue.

*Id.* In the instant motion, Brown does not argue that reasonable jurists would, in fact, find this court's assessment of his constitutional claims to be debatable or wrong.

and an "Application for Certificate of Probable Cause to Appeal" in the Third Circuit on December 6, 2006.[2] The Third Circuit denied his request for a certificate of appealability on June 27, 2007. Brown's petition for rehearing en banc was denied on September 12, 2007. On December 10, 2007, Brown returned to district court and filed the instant motion for relief from this court's October 18, 2006 order pursuant to Rule 60(b)(6) or, in the alternative, for an independent action in equity. Brown seeks "to be restored at the procedural posture of October 18, 2006, when this Court denied [his] § 2255 [motion], so that [he] can invoke his postjudgment procedural due process rights apart from his substantive assertions." (Def.'s Mot. 3-4.)

## II.     Discussion

### A.     Rule 60(b)(6) Relief

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (internal footnote omitted) (citing 28 U.S.C. § 2254 Rule 11).[3] Given the constraints on collateral attacks imposed by the AEDPA, a prisoner may not use a Rule 60(b) motion to present certain "claims" that are

---

[2] After the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the certificate of probable cause was replaced by the certificate of appealability. *See United States v. Cepero*, 224 F.3d 256, 259 (3d Cir. 2000). Brown refers to this document as having been filed on November 13, 2006. The document's certificate of service is dated November 13, 2006, but it was entered on the Third Circuit's docket on December 6, 2006. Throughout, I refer to this document as a motion for a certificate of appealability, as the Third Circuit did.

[3] The Court in *Gonzales* limited its holding to habeas petitions brought by state prisoners pursuant to § 2254. Courts have applied *Gonzales* to claims involving § 2255, however. *See, e.g.*, *Schweitzer v. United States*, 215 F. App'x 120, 123 (3d Cir. 2007).

traditionally included in a habeas petition without the Rule 60(b) motion being subjected to the gatekeeping features of AEDPA. *Id.* at 531. A prisoner's 60(b) motion presents a "claim" that requires it to be treated as a habeas petition when it either attempts to "add a new ground for relief" or attempts to "attack the federal court's previous resolution of a claim *on the merits*." *Id.* at 532. On the other hand, a challenge will not present such a "claim" if it alleges a "defect in the integrity of the federal habeas proceedings." *Id.* Here, Brown challenges both this court's decision to deny Brown a certificate of appealability and habeas counsel's conduct after this court's denial of Brown's § 2255 motion. Brown's motion therefore alleges procedural defects subsequent to the habeas proceeding and does not present a "claim" that must conform to AEDPA's procedural requirements. His motion may proceed as one brought pursuant to Rule 60(b).

Brown requests relief pursuant to Rule 60(b)(6), which provides for relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment."[4] A "movant seeking relief under Rule 60(b)(6)" must show "extraordinary circumstances" to justify the reopening of a final judgment. *Id.* at 535. Because Brown does not point to extraordinary

---

[4] Other grounds for relief pursuant to Rule 60(b) include:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void; [and]
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

Fed. R. Civ. P. 60(b)(1)-(5).

circumstances justifying the relief he seeks, I will deny his Rule 60(b) motion.

The gist of Brown's first claim appears to be that this court erred by acting on its own initiative to deny Brown a certificate of appealability without providing Brown notice and an opportunity to be heard on the issue.[5]  Brown, however, had notice that the government had requested denial of a certificate of appealability.  (*See* Gov't Resp. Opp'n to Def.'s Pet. Pursuant to 28 U.S.C. § 2255, at 28-29.)  In addition to explicitly requesting denial of a certificate of appealability, the government cited Local Appellate Rule 22.2, which provides:  "At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue."  *See also* Fed. R. App. P. 22 (providing that a § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)").  Thus, this court did not act on its own initiative, as Brown claims, but in response to the government's request and pursuant to local and federal rules of procedure.  Brown has not shown that this court erred in the procedure it used to deny him a certificate of appealability.[6]

Furthermore, after this court's denial of a certificate of appealability and before filing the instant motion, Brown asked the Third Circuit to grant him a certificate of appealability,

---

[5] Brown seems to rest his argument at least in part on this court's alleged violation of Federal Rule of Civil Procedure 11(c)(1)(B), which, in the 2007 version of the Rules, provided: "On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto."  Rule 11(b) pertains to representations to the court made by an attorney or unrepresented party.  The rule is wholly irrelevant to the question whether—and pursuant to what procedure—a certificate of appealability should be granted.

[6] As noted above, *see supra* note 1, Brown does not argue that this court's decision with respect to the certificate of appealability was substantively incorrect.

notwithstanding this court's prior denial of a certificate of appealability.[7]  Brown thus had a second chance—of which he took advantage—to obtain a certificate of appealability, rendering his lack of notice and opportunity to be heard argument meritless.  *See Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir. 1996) (en banc) ("Under the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple:  one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge.").  Therefore, I will deny Brown's Rule 60(b)(6) motion with respect to this claim.[8]

---

[7] A court of appeals may grant a defendant a certificate of appealability pursuant to Federal Rule of Appellate Procedure 22(b)(1), which provides, in relevant part:  "If the district court has denied the certificate, the applicant may request a circuit judge to issue the certificate."

[8] In support of his argument that he was denied notice and an opportunity to be heard before this court, Brown cites *Day v. McDonough*, which "concerns the authority of a U.S. District Court, on its own initiative, to dismiss as untimely a state prisoner's petition for a writ of habeas corpus."  547 U.S. 198, 201 (2006).  The Court held that "district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."  *Id.* at 209.  "Of course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."  *Id.* at 210.  In the instant case, there is no argument that the procedure related to the denial of Brown's § 2255 motion was improper.  Notwithstanding that important distinction, *Day* does not suggest a different result in the instant case, as Brown had an opportunity to respond to the government's request that a certificate of appealability be denied, and he got a second bite at the certificate of appealability apple in the Third Circuit.
 Brown also cites *Arizona v. California*, 530 U.S. 392, 412-13 (2000), which deals with the question when a court may *sua sponte* raise the bar of issue preclusion.  The ability of a court to *sua sponte* raise a defense apparently waived by the parties is not an issue relevant to the instant motion.
 Finally, Brown cites *Berthoff v. United States*, in which the district court *sua sponte* granted a certificate of appealability concerning an issue not actually raised by the case before it.  *See* 308 F.3d 124, 127 (1st Cir. 2002) (noting that the district court acknowledged there was no evidence of the issue in the case before it, but that a certificate of appealability was appropriate on "general policy-based grounds").  When denying to issue a certificate of appealability in this case, I confined my review to the issues in Brown's habeas opinion and found that reasonable jurists would not find my assessment of his constitutional claims to be debatable or wrong.  *See supra* note 1.  *Berthoff* thus is distinguishable and not persuasive in the resolution of the instant motion.

Second, Brown claims that his court-appointed habeas counsel failed "to object to the patent procedural due process violation" (presumably, this court's denial of a certificate of appealability), "file[d] a 'frivolous' Certificate of Probable Cause . . . on beha[lf] of [Brown] to the . . . Third Circuit," and filed a notice of appeal, "allowing the 'miscarriage of justice' to go uncontested," thereby providing ineffective assistance of counsel. (Def.'s Mot. 2-3.) Brown has not, however, indicated what different result would have occurred had habeas counsel objected, pursued postjudgment relief in the district court, or abstained from filing a notice of appeal and certificate of appealability in the Third Circuit.

The Sixth Amendment does not guarantee a right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that the Supreme Court's "cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991) (finding "no 'automatic' constitutional right to counsel in federal habeas corpus proceedings"). However, "[i]f an evidentiary hearing is warranted, the judge *must* appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. R. Governing § 2255 Proceedings for the U.S. Dist. Cts. 8(c) (emphasis added); *see also United States v. Iasiello*, 166 F.3d 212, 213 (3d Cir. 1999). Otherwise, appointment of counsel is discretionary. *See* 18 U.S.C. § 3006A(a)(2)(B) (providing that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation *may* be provided" for § 2255 movants (emphasis added)).

Brown does not suggest that his court-appointed habeas counsel was ineffective in a way that affected the outcome of his § 2255 motion. Rather, Brown asserts only that his counsel was

ineffective "during the postjudgment of the Section 2255 proceeding or the initial [certificate of appealability] proceeding." (Def.'s Mot. 6.) Because Brown has neither a constitutional nor a statutory right to counsel at these stages of the proceeding, and because Brown has not shown that he was prejudiced by counsel's allegedly improper actions, his ineffective assistance of counsel claim must fail. Brown has pointed to no extraordinary circumstances justifying relief. *See Harris v. United States*, 367 F.3d 74, 77, 81-82 (2d Cir. 2004) (holding that habeas counsel's ineffectiveness, even though sworn to in a declaration, did not rise to the level of an extraordinary circumstance sufficient to justify relief pursuant to Rule 60(b)(6) because the petitioner did not "show that his lawyer abandoned the case and prevented the client from being heard"). Therefore, I will deny Brown's Rule 60(b)(6) motion with respect to his ineffective assistance of counsel claim.[9]

### B.     Independent Action in Equity

An independent action is an equitable remedy reserved by the savings clause of Rule 60.[10]

---

[9] In making his arguments relating to ineffective assistance of counsel, Brown relies largely on *Evitts v. Lucey*, 469 U.S. 387 (1985). *Evitts* does not, however, dictate the outcome of the instant motion. *Evitts* addresses only a defendant's Fourteenth Amendment due process right to effective assistance of counsel on his first appeal as of right; it does not speak to a movant's right to counsel during § 2255 or other postjudgment proceedings. *See id.* at 392. Even if, as Brown argues, he had a constitutional right to effective counsel during the litigation of his § 2255 motion because a § 2255 motion is generally the first opportunity to raise ineffective assistance of counsel claims (and therefore analogous, Brown claims, to a direct appeal), he has not provided evidence of actual prejudice resulting from any ineffective assistance.

[10] The provision of Rule 60 commonly known as the "savings clause" states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(d). Before December 1, 2007, this provision was part of Rule 60(b).

"Rule [60(d)] merely reserves whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity." 12 James Wm. Moore et al., *Moore's Federal Practice*, § 60.80 (3d ed. 2005).

The Third Circuit has stated that the "indispensable elements" of an independent action claim are the following:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*In re Machne Israel, Inc.*, 48 F. App'x 859, 863 n.2 (3d Cir. 2002) (quoting *Nat'l Sur. Co. of N.Y. v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir. 1903)). Additionally, independent actions are reserved for extraordinary circumstances and will be granted "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). For the reasons discussed above with respect to Brown's motion for relief pursuant to Rule 60(b)(6), Brown has not provided the court with a reason why its denial of a certificate of appealability ought not be enforced. Brown does not allege fraud, and as explained above, this court's judgment with respect to the denial of the certificate of appealability was not affected by mistake or accident. Brown thus cannot establish the elements of an independent action. Furthermore, denying Brown the relief he seeks would not result in a grave miscarriage of justice as Brown has not produced any evidence that he was prejudiced by this court's or his habeas counsel's alleged errors. Therefore, he cannot obtain relief through an independent action.

**III.     Conclusion**

Because Brown cannot show a miscarriage of justice or extraordinary circumstances justifying relief, he is not entitled, pursuant to either Rule 60(b)(6) or an independent action in equity, to relief from this court's order denying him a certificate of appealability.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO. 99-0730 |
| | : | |
| ANDREW LAWRENCE BROWN, | : | CIVIL ACTION |
| Defendant. | : | NO. 04-4121 |

## Order

**AND NOW**, this ____ day of April 2008, upon careful consideration of the defendant's motion for relief from this court's October 18, 2006 order (Doc. No. 160) and the government's response thereto, **IT IS HEREBY ORDERED** that the motion is **DENIED**.

The Clerk shall close this case statistically.

_____s/ William H. Yohn Jr._____
William H. Yohn Jr., Judge